# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GEORGE ROYBAL,

     Movant,

vs.                                          Nos. CIV 16-01057 JB/KK
                                                   CR 12-03182 JB

UNITED STATES OF AMERICA,

     Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under rule 4(b) of the Rules Governing Section 2255 Proceedings, on the Movant's Motion Pursuant to 28 U.S.C. Section 2255 in Light of Retroactivity of Quintero-Leyva, 2016 WL 2865713 (9th Cir. 2016), filed September 23, 2016 (CIV Doc. 1; CR Doc. 1141)("§ 2255 Motion").  The Court determines that Movant George Roybal is not entitled to relief and will dismiss the Motion as rule 4(b) provides.

On December 12, 2012, Roybal and several co-Defendants were charged under a multi-count Indictment.  See Indictment, filed December 12, 2012 (CR Doc. 2).  Roybal was charged with: (i) Conspiracy in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) (Count 1); (ii) Distribution of Cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) (Count 5); (iii) Distribution of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(D) (Count 15); (iv) Conspiracy to Launder Money in violation of 18 U.S.C. § 1956(h) (Count 37); and (v) Use of a Telephone to Facilitate a Drug Trafficking Offense in violation of 21 U.S.C. § 843(b) (Counts 42 and 43).  See Indictment at 1.  In a Superseding Indictment and a Second Superseding Indictment, Roybal was charged with an additional count of Witness Tampering, in violation of 18 U.S.C. § 1512(a)(1)(A) (Count 62).  See Superseding Indictment at 1, filed February 12, 2014

(CR Doc. 426); Second Superseding Indictment at 1, filed September 9, 2014 (CR Doc. 626). Roybal entered into a rule 11(c)(1)(C) Plea Agreement, filed January 14, 2015 (CR Doc. 735), and pled guilty to Count 1 (Conspiracy to Distribute Cocaine) and Count 61 (Witness Tampering). <u>See</u> Plea Agreement at 4-5. On November 17, 2015, the Court sentenced him to 97 months of incarceration with three years of supervised release. <u>See</u> Judgment, filed November 17, 2015 (CR Doc. 1070). Presumably based on the Plea Agreement's appellate review waiver, Roybal did not appeal his sentence. <u>See</u> Plea Agreement at 9.

Following entry of the Judgment, Roybal filed a Motion to Reduce Sentence under 28 U.S.C. § 3582. <u>See</u> RE: Two Point Reduction, filed May 16, 2016 (CR Doc. 1130)("Reduction Motion"). In his Reduction Motion, Roybal seeks a 2-level reduction based on retroactive application of U.S.S.G. Amendment 782. <u>See</u> Reduction Motion at 1-3. The Reduction Motion is currently pending before the Court. Roybal then filed his pro se § 2255 Motion. In his § 2255 Motion, Roybal argues that he is entitled to a sentence reduction based on retroactive application of Amendment 794 to Section 3B1.2 of the United States Sentencing Guidelines. <u>See</u> § 2255 Motion at 1-2.

### APPLICABLE LAW ON SECTION 2255 COLLATERAL REVIEW AND RETROACTIVE APPLICATION OF SENTENCING GUIDELINE AMENDMENTS

Roybal seeks collateral review of his sentence under 28 U.S.C. § 2255. Section 2255 provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The defendant is to file the initial motion under § 2255 with the court that imposed the sentence, for that court's consideration. See In re Hanserd, 123 F.3d 922, 925 (6th Cir. 1997)(discussing differences between § 2255 motions and traditional habeas petitions); Browning v. United States, 241 F.3d 1262, 1264 (10th Cir. 2001). Rule 4(b) of the Rules Governing Section 2255 Proceedings states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Under rule 4 of the Rules Governing Section 2255 cases, the Court is under an obligation to review a § 2255 motion, and to summarily dismiss the motion if the filings and the record in the movant's underling criminal proceeding establish that the movant is clearly not eligible for relief. Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Roybal grounds his request for § 2255 relief on Amendment 794 to the Sentencing Guidelines. Arguments grounded on amendments to the Guidelines are ordinarily brought under 18 U.S.C. § 3852 and not as § 2255 claims. See United States v. Jones, 143 F. Appx. 526, 527 (4th Cir. 2005)(holding it error to construe the petitioners' reduction-of-sentence motions based on retroactive application of Guidelines Amendment as § 2255 motions); Ono v. Pontesso, 1998 WL 757068, at *1 (9th Cir. 1998)(holding that request for a modification of a sentence pursuant to a Guidelines amendment "is most properly brought as a motion under 18 U.S.C. § 3582"); United States v. Mines, 2015 WL 1349648, at *1 (E.D. Va. 2015)(where petitioner "seeks a reduction in sentence pursuant to any amendment to the United States Sentencing Guidelines, he must file a separate motion for reduction of sentence pursuant to 18 U.S.C. § 3582").

Roybal has a § 3582 Motion to Reduce Sentence pending based on a different amendment to the Sentencing Guidelines. See Reduction Motion at 1-3. Rather than amending

his Reduction Motion, Roybal has chosen to bring this proceeding, asserting retroactive application of Amendment 794 under § 2255. See § 2255 Motion at 1. Under the United States Court of Appeals for the Tenth Circuit's precedent, only those amendments that are explicitly enumerated in § 3582(c)(2) are deemed to be retroactive. See United States Sentencing Guidelines Manual § 1B1.10(a)(2); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993). Amendment 794 is not such an enumerated amendment. See United States v. Harrison, 2016 WL 6310768, *2 (N.D. Okla. 2016)("Amendment 794 is not retroactive under the sentencing guidelines, federal statutes, or Tenth Circuit precedent."); United States v. Fouse, 2016 WL 4516066, *2 (N.D. Okla. 2016)("Amendment 794 . . . cannot be applied retroactively and it may not serve as the basis on which to reduce defendant's sentence."); United States v. Aikman, 2016 WL 7210721, at *1 (D. Kan. 2016).

Roybal seeks to proceed based on the United States Court of Appeals for the Ninth Circuit's decision in United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016)("Quintero-Leyva"). In Quintero-Leyva, the Ninth Circuit held that, because the United States Sentencing Commission did not authorize a retroactive sentence reduction based on Amendment 794, the Amendment is retroactively applicable only on direct appeal and declined to extend retroactive application to collateral review. See 823 F.3d at 521 n.1, 522-24. Neither the Supreme Court of the United States nor any federal appellate court has held that Amendment 794 should be made retroactively applicable on collateral review under 28 U.S.C. § 2255. See Rosa-Lara v. United States, 2016 WL 4916796, *1 (D. Utah. 2016)(providing the Ninth Circuit's decision in Quintero-Leyva provides no authority for the retroactive application of the amendment in cases on collateral review).

<u>**ANALYSIS**</u>

Roybal seeks an adjustment of his sentence, because he played a "minor role" in criminal activity under U.S.S.G. Amendment 794. Roybal argues that he is entitled to proceed based on the Ninth Circuit's ruling in <u>Quintero-Leyva</u>, making the November, 2015 U.S.S.G. Amendment 794 retroactively applicable. Amendment 794 amended the commentary to U.S.S.G. § 3B1.2. Section 1B1.10(c) of the Sentencing Guidelines lists all amendments eligible for retroactive effect. Amendment 794 is not listed in § 1B1.10(c) as an amendment that can subsequently lower an applicable guideline range, so the United States Sentencing Commission did not make it retroactive. Because Amendment 794 is not listed, a retroactive sentence reduction is not authorized. <u>See</u> <u>United States v. Harrison</u>, 2016 WL 6310768, at *2; <u>United States v. Fouse</u>, 2016 WL 4516066, *2; <u>United States v. Aikman</u>, 2016 WL 7210721, at *1. The ruling in <u>Quintero-Leyva</u> does not apply to Roybal's request for collateral review of his sentence under § 2255.

Moreover, the Court has already addressed the application of the minor or mitigating role adjustment of § 3B1.2 to Roybal in its Memorandum Opinion and Order regarding sentencing. <u>See</u> Memorandum Opinion and Order at 75-79, filed May 24, 2016 (CR Doc. 1132). In the Memorandum Opinion and Order, the Court stated:

> The Court will not grant a mitigating role adjustment. Section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, Application Note 3(a). Subsection (b) covers a defendant who "is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, Application Note 5. The Tenth Circuit has held that the inquiry whether a defendant is a minor or minimal participant must "focus upon the defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and of the activities of others involved in the offense." <u>United States v. Salazar-Samaniega</u>, 361 F.3d 1271, 1277 (10th Cir. 2004). . . . All of these events suggest that G. Roybal was aware of the full scope of the C. Roybal DTO's drug-trafficking operations. Indeed, unlike the defendant in

> United States v. Ayers, who was merely a passive observe of the drug-trafficking operations in that case, that G. Roybal kept a large amount of C. Roybal's money at his home and went with C. Roybal to retrieve money demonstrate that he worked directly with C. Roybal in his drug-trafficking operations. In addition to those incidents, a search of G. Roybal's residence uncovered six cellular telephones and a digital scale -- all of which suggest that G. Roybal was an integral player in the C. Roybal DTO. . . . Accordingly, the Court concludes that a mitigating role adjustment is not warranted in this case.

Memorandum Opinion and Order at 75-79. Because the Court has already addressed the § 3B1.2 adjustment, Roybal is not eligible for any further relief.

Under rule 11(a) of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealibility when it enters a final order adverse to the movant. The court may issue a certificate of appealibility only if the movant has made a substantial showing of the denial of a constitutional rights. See 28 U.S.C. § 2253(c)(2). The Court determines, under Rule 11(a), that Roybal has not made a substantial showing he has been denied a constitutional right. The Court denies a certificate of appealability under 28 U.S.C. § 2253(c)(2).

**IT IS ORDERED** that: (i) the Movant's Motion Pursuant to 28 U.S.C. Section 2255 in Light of Retroactivity of Quintero-Leyva, 2016 WL 2865713 (9th Cir. 2016), filed September 23, 2016 (CIV Doc. 1; CR Doc. 1141), is dismissed under Rule 4(b) of the Rules Governing Section 2255 Proceedings; (ii) a certificate of appealability is denied; and (iii) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

George Roybal
FCI-La Tuna
Anthony, New Mexico

      *Defendant/Movant Pro Se*

James Tierney
  Acting United States Attorney
Cynthia L. Weisman
Joel R. Meyers
Shana B. Long
Stephen R. Kotz
  Assistant United States Attorneys
Albuquerque, New Mexico

      *Attorneys for the Respondent/Plaintiff United States of America*